UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DERRICK HOOD, | ) |
|         Plaintiff, | ) |
| v. | ) No. 1:24-cv-01458-JPH-MJD |
| PROGRAM DIRECTOR OF I.D.O.C., et al., | ) |
|         Defendants. | ) |

**ORDER DISMISSING COMPLAINT
AND DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Derrick Hood is incarcerated by the Indiana Department of Correction ("IDOC") at Pendleton Correctional Facility. She[1] alleges in this case that she has been harassed during her incarceration with the IDOC. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

---

[1] Because the plaintiff identifies as transgender, the Court will identify her with female pronouns. This is consistent with the Court's ordinary practice. *See Balsewicz v. Pawlyk*, 963 F.3d 650, 652 n.1 (7th Cir. 2020) (using feminine pronouns in a manner "consistent with the district court's order and the parties' briefing in this case"); *see also Dyjak v. Wilkerson*, Nos. 21-2012 and 21-2119, 2022 WL 1285221, at *1 (7th Cir. Apr. 29, 2022) (explaining federal courts' "normal practice of using pronouns adopted by the person before [them]").

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).  Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Ms. Hood names the following defendants: Program Director of the IDOC, the IDOC, Derrick Christian, and the Commissioner of the IDOC.  Her factual allegations, summarized here, are accepted as true at the pleading stage.  *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

In September 2023, when she was moved to Plainfield Correctional Facility, Ms. Hood was burned by another inmate, but the facility disciplined her with a credit class demotion, among other sanctions.

In October 2023, Officer Talabi wrote Ms. Hood up on disciplinary charges because Ms. Hood told him she was doing a PREA[2] report on him for

---

[2] PREA is understood to refer to the Prison Rape Elimination Act.

making a sexual comment to her. Around the same time, another inmate tried to sexually assault Ms. Hood.

In December of 2023, Officer Adenugba sexually assaulted Ms. Hood. Ms. Hood's claims regarding this incident were brought in *Hood v. Adenugba*, 1:23-cv-2255-TWP-CSW, which was dismissed without prejudice for Ms. Hood's failure to exhaust her available administrative remedies.

Later in December, Ms. Hood was written up on several conduct reports for having blue hair. In January 2024, Ms. Hood was written up for reporting that she did not feel safe. She lost credit time on these reports.

In May 2024, Ms. Hood refused to live in the North-C range because she did not feel safe there and she was written up again.

Sgt. Samuel Odell sexually harassed Ms. Hood and she filed a lawsuit on that claim in *Hood v. Odell*, 1:24-cv-663-TWP-TAB.

Another inmate assaulted Ms. Hood, but she was written up on disciplinary charges and lost credit time.

Later, Ms. Hood was moved back to the North-C range, even though she wasn't safe there. She was written up again for refusing to move.

Ms. Hood seeks monetary damages and immediate pardon or home detention.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

3

First, Ms. Hood's request for release from custody must be dismissed because any request for release from prison must be filed as a petition for a writ of habeas corpus, not a civil rights case. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." (internal citations omitted)).

Next, any claim against the IDOC must be dismissed because the IDOC, as a state agency, is not a "person" subject to suit under 42 U.S.C. § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

Finally, to the extent that Ms. Hood can be understood to assert claims against Mr. Christian and the Program Director of the IDOC, she has not sufficiently alleged that these individuals had any personal role in the allegations at issue. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County*, 40 F.4th 824, 828 (7th Cir. 2022). Ms. Hood asserts that these individuals "knew about [her] complaints." Dkt. 1 at 1. But these allegations are too vague to allow an inference that there is any

4

connection between these defendants and the allegations of the complaint. Further, mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Est. of Miller v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care.  That can't be right.").

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present.  "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).  In the interest of justice, the Court will allow plaintiff to amend her complaint if, after reviewing this Order, she believes that she can state a viable claim for relief, consistent with the allegations she has already made.  *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've

5

often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through May 1, 2025, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury she claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which she should use if she files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 1:24-cv-1458-JPH-MJD and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed by the deadline, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 3/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

DERRICK HOOD
294557
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064